IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-104

 No. COA20-351

 Filed 6 April 2021

 Pender County, No. 15-CVS-348

 TOG PROPERTIES, LLC, Plaintiff,

 v.

 KAREN PUGH, Defendant.

 Appeal by Donald Sullivan from order entered 2 January 2020 by Judge W.

 Allen Cobb, Jr., in Pender County Superior Court. Heard in the Court of Appeals 27

 January 2021.

 The Law Offices of Oliver and Cheek, PLLC, by Ciara L. Rogers and Linda B.
 Green, for Appellee TOG Properties, LLC.

 Lt. Col. Donald Sullivan, Appellant, pro se.

 COLLINS, Judge.

 I. Factual Background

¶1 This is the second appeal to this Court by Donald Sullivan regarding certain

 timbered property damaged by a fire allegedly set by Karen Pugh. An extensive

 procedural history and factual background can be found in this Court’s opinion on

 Sullivan’s first appeal. See Sullivan v. Pugh, 258 N.C. App. 691, 814 S.E.2d 117

 (2018). In Sullivan, this Court affirmed the trial court’s order in a declaratory
 SULLIVAN V. PUGH

 2021-NCCOA-104

 Opinion of the Court

 judgment action brought by TOG Properties, LLC (“TOG”) against Sullivan, declaring

 TOG the holder of any legal claims against Robert and Karen Pugh resulting from

 the damages to the property caused by the fire.

¶2 Facts and procedural history relevant to this appeal follow: On 3 February

 2015, Sullivan filed an amended complaint against Robert and Karen Pugh, seeking

 to recover damages resulting from the fire (“Sullivan Lawsuit”). On 10 April 2015,

 TOG filed a complaint against Karen Pugh, also seeking to recover damages resulting

 from the fire (“TOG Lawsuit”). Upon Robert and Karen Pugh’s motion1 and consent

 of the parties, the trial court consolidated the Sullivan Lawsuit and the TOG Lawsuit

 for trial.

¶3 In April 2016, TOG filed a cross-claim for declaratory judgment against

 Sullivan (“Cross Claim”) requesting that the trial court declare TOG the owner of any

 claims for damages against Robert and Karen Pugh for the damages caused to the

 property by the fire.2 Sullivan filed an answer and motion to dismiss the Cross Claim.

 The trial court denied Sullivan’s motion to dismiss by written order entered 17

 August 2016.

¶4 On 16 November 2016, TOG filed a motion for summary judgment on its Cross

 1 This motion is not in the Record on Appeal, although it is referenced in the Consent

 Order for Consolidation.
 2 TOG also requested the trial court declare that Kenner Day did not have authority

 to waive or release any claims owned by TOG. This request is not at issue in this appeal.
 SULLIVAN V. PUGH

 2021-NCCOA-104

 Opinion of the Court

 Claim (“Summary Judgment Motion”). Sullivan filed a notice of objection to the

 Summary Judgment Motion.

¶5 After a hearing, the trial court granted summary judgment to TOG by written

 order entered 14 February 2017 (“Summary Judgment Order”). Sullivan appealed

 the Summary Judgment Order to this Court. In March 2017, the trial court entered

 an order moving the TOG Lawsuit to inactive status because of Sullivan’s notice of

 appeal.3 By opinion entered 3 April 2018, the Court of Appeals affirmed the Summary

 Judgment Order. See Sullivan, 258 N.C. App. 691, 814 S.E.2d 117.

¶6 On 7 May 2018, Sullivan filed a notice of appeal in the Supreme Court of North

 Carolina, pursuant to N.C. Gen. Stat. § 7A-30.4 TOG filed a motion to dismiss the

 appeal for lack of substantial constitutional question.5 On 14 August 2018, the

 Supreme Court of North Carolina entered an order allowing TOG’s motion to dismiss.

¶7 At some point, Sullivan filed a petition for writ of certiorari to the Supreme

 Court of the United States.6 On 1 April 2019, the Supreme Court denied the petition.

 3 This order does not appear in the Record on Appeal but is referenced in the trial

 court’s 2 January 2020 order on appeal.
 4 This notice of appeal is not in the Record on Appeal but is referenced in the North

 Carolina Supreme Court’s order allowing TOG’s motion to dismiss the appeal.
 5 This motion is not in the Record on Appeal but is referenced in the Supreme Court’s

 order allowing TOG’s motion to dismiss the appeal.
 6 This petition for writ of certiorari to the Supreme Court of the United States is not

 in the Record on Appeal but is referenced in the Supreme Court of the United States’ denial
 of the petition.
 SULLIVAN V. PUGH

 2021-NCCOA-104

 Opinion of the Court

 On 12 April 2019, TOG filed a notice of voluntary dismissal with prejudice in the TOG

 Lawsuit, pursuant to Rule 41 of the Rules of Civil Procedure (“Voluntary Dismissal”).

 At some point, Sullivan filed a petition for rehearing in the Supreme Court of the

 United States.7 On 28 May 2019, the Supreme Court denied the petition.

¶8 On 17 June 2019, Sullivan filed a cross complaint in the TOG Lawsuit, seeking

 to recover damages and costs from TOG. On 12 July 2019, TOG filed a motion to

 strike the cross complaint, pursuant to Rules 8 and 12(f) of the North Carolina Rules

 of Civil Procedure (“Motion to Strike”). On 2 October 2019, Sullivan filed an Objection

 to the Motion to Strike (“Objection”), alleging that the trial court lacked jurisdiction

 to allow the Voluntary Dismissal of the TOG Lawsuit. Sullivan asserted that he was

 denied due process because he was not served notice of the Voluntary Dismissal and

 that TOG was unjustly enriched by an alleged settlement agreement.

¶9 On 10 October 2019, the trial court held a hearing on TOG’s Motion to Strike

 and Sullivan’s Objection. By written order entered 2 January 2020, the trial court

 made findings of fact and concluded that the Voluntary Dismissal of the TOG Lawsuit

 was proper and that the trial court lacked jurisdiction to enter any further orders,

 including an order on the Motion to Strike (“Final Order”). On 3 February 2020,

 7 The petition for rehearing to the Supreme Court of the United States is not in the

 Record on Appeal but is referenced in the Supreme Court of the United States’ denial of the
 petition.
 SULLIVAN V. PUGH

 2021-NCCOA-104

 Opinion of the Court

 Sullivan filed a notice of appeal of the Final Order to the North Carolina Court of

 Appeals.

 II. Analysis

¶ 10 Defendant presents two issues on appeal: (1) “Whether the notice requirement

 in Rule 41 that a voluntary dismissal be allowed upon ‘notice to the court’ includes

 the requirement that notice be given to all parties[;]” and (2) “Whether the ruling

 judge committed reversible error in his order by failing to accept jurisdiction over

 appellee’s motion to strike appellant’s cross complaint.”

 A. Standard of Review

¶ 11 This Court reviews de novo questions of statutory interpretation. McKoy v.

 McKoy, 202 N.C. App. 509, 511, 689 S.E.2d 590, 592 (2010). Likewise, this Court

 reviews de novo a trial court’s conclusions of law. Hairston v. Harward, 371 N.C. 647,

 656, 821 S.E.2d 384, 391 (2018). Under de novo review, this Court “considers the

 matter anew and freely substitutes its own judgment for that of the lower tribunal.”

 State v. Williams, 362 N.C. 628, 632-33, 669 S.E.2d 290, 294 (2008) (quotation marks

 and citations omitted).

 1. Notice of Voluntary Dismissal

¶ 12 Sullivan first essentially argues that TOG was required to serve its notice of

 Voluntary Dismissal upon Sullivan and that TOG’s failure to do so somehow rendered

 the notice of Voluntary Dismissal invalid. We disagree.
 SULLIVAN V. PUGH

 2021-NCCOA-104

 Opinion of the Court

¶ 13 “[I]f no counterclaim is pending, . . . a [plaintiff] may voluntarily dismiss his

 suit without the opposing party’s consent by filing a notice of dismissal.” Gillikin v.

 Pierce, 98 N.C. App. 484, 487, 391 S.E.2d 198, 199 (1990) (citing N.C. Gen. Stat. § 1A-

 1, Rule 41(a)(1)(i)) (other citation omitted). The notice of voluntary dismissal shall be

 served upon a party, pursuant to Rule 5 of the North Carolina Rules of Civil

 Procedure. See N.C. Gen. Stat. § 1A-1, Rule 5(a) (2019) (“[E]very written notice . . .

 shall be served upon each of the parties[.]”). A party is one “who by substantive law

 has the legal right to enforce the claim in question.” Reliance Ins. Co. v. Walker, 33

 N.C. App. 15, 19, 234 S.E.2d 206, 209 (1977) (citation omitted).

¶ 14 Under N.C. Gen. Stat. § 1A-1, Rule 42(a) (2019), which governs the

 consolidation of civil actions, generally “when actions involving a common question of

 law or fact are pending in one division of the court, the judge may order a joint hearing

 or trial of any or all the matters in issue in the actions; he may order all the actions

 consolidated; and he may make such orders concerning proceedings therein as may

 tend to avoid unnecessary costs or delay.” N.C. Gen. Stat. § 1A-1, Rule 42(a). “[I]t is

 the rule in this jurisdiction that when cases are consolidated for trial, although it

 becomes necessary to make only one record, the cases remain separate suits and

 retain their distinctiveness throughout the trial and appellate proceedings.” Kanoy

 v. Hinshaw, 273 N.C. 418, 424, 160 S.E.2d 296, 301 (1968) (citations omitted); see also

 Pack v. Newman, 232 N.C. 397, 400-01, 61 S.E.2d 90, 92 (1950) (Where the court
 SULLIVAN V. PUGH

 2021-NCCOA-104

 Opinion of the Court

 consolidated the two independent actions for judgment, “the actions did not become

 one action. They remained separate suits.”) (citation omitted). See also Hall v. Hall,

 138 S. Ct. 1118, 1124, 1128 (2018) (examining the meaning of “consolidation” and the

 Courts’ 125-year history interpreting the term and determining that “consolidated

 cases remain distinct” as to “parties, pleading, and judgment,” and “that there must

 be separate verdicts, judgments, or decrees”) (quotation marks and citations

 omitted).8

¶ 15 In this case, Sullivan filed a complaint against Robert and Karen Pugh,

 seeking to recover damages resulting from the fire. TOG filed a separate complaint

 against Karen Pugh, seeking to recover damages resulting from the fire. Upon Robert

 and Karen Pugh’s motion and consent of the parties, the trial court consolidated the

 actions for trial. Although the actions were to be tried together for the sake of

 convenience and judicial economy, “the actions did not become one action. They

 remained separate suits.” Pack, 232 N.C. at 400-01, 61 S.E.2d at 92. Accordingly,

 Sullivan was not a party to the TOG Lawsuit, brought by TOG against Karen Pugh,

 and TOG was not required to serve its notice of Voluntary Dismissal upon Sullivan.

 2. Trial Court’s Jurisdiction

 8 “The North Carolina Rules of Civil Procedure are, for the most part, verbatim
 recitations of the federal rules. Decisions under the federal rules are thus pertinent for
 guidance and enlightenment in developing the philosophy of the North Carolina Rules.”
 Turner v. Duke Univ., 325 N.C. 152, 164, 381 S.E.2d 706, 713 (1989) (citations omitted).
 SULLIVAN V. PUGH

 2021-NCCOA-104

 Opinion of the Court

¶ 16 Defendant also argues that the trial court erred by “failing to accept

 jurisdiction” over TOG’s Motion to Strike. We disagree.

¶ 17 “It is well established that where [a] plaintiff takes a voluntary dismissal

 pursuant to [N.C. Gen. Stat. §] 1A-1, Rule 41(a)(1), no suit is pending thereafter on

 which the court could make a final order.” Ward v. Taylor, 68 N.C. App. 74, 78, 314

 S.E.2d 814, 818 (1984). “The rule clearly does not require court action, other than

 ministerial record-keeping functions, to effect a dismissal.” Id. at 78, 314 S.E.2d at

 819. The notice of dismissal is the operative document and “itself closes the file.”

 Carter v. Clowers, 102 N.C. App. 247, 251, 401 S.E.2d 662, 664 (1991) (citation

 omitted).

¶ 18 Here, TOG filed its Voluntary Dismissal on 12 April 2019, thus closing the file

 on that date. Thereafter, no suit was pending upon which the trial court could enter

 an order. Accordingly, the trial court correctly concluded that TOG’s notice of

 Voluntary Dismissal deprived the trial court of jurisdiction to enter further orders,

 including an order on TOG’s motion to strike.

 III. Conclusion

¶ 19 As Sullivan was not entitled to TOG’s notice of the Voluntary Dismissal

 dismissing the TOG Lawsuit, and because TOG’s Voluntary Dismissal deprived the

 trial court of jurisdiction to enter further orders in the TOG Lawsuit, we affirm the

 Final Order.
 SULLIVAN V. PUGH

 2021-NCCOA-104

 Opinion of the Court

AFFIRMED.

Judges INMAN and GRIFFIN concur.